UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:19-cr-271-T-33 TGW
18 U.S.C. § 2423(a)
18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)

THOMAS HILL

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about December 17, 2018, in the Middle District of Florida, and elsewhere, the defendant,

THOMAS HILL,

knowingly transported and attempted to transport an individual, that is, E.W., who had not attained the age of 18 years, in interstate commerce, from the State of Georgia to the Middle District of Florida, with intent that E.W. engage in any sexual activity for which any person can be charged with a criminal offense.

In violation of 18 U.S.C. § 2423(a).

## COUNT TWO

From an unknown date, but at least in or around November 1, 2018, through and including on or about February 6, 2019, in the Middle District of Florida, and elsewhere, the defendant,

THOMAS HILL,

using a facility and means of interstate commerce, that is, a cellular telephone, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense.

In violation of 18 U.S.C. § 2422(b).

## COUNT THREE

On or about January 25, 2019, in the Middle District of Florida, and elsewhere, the defendant,

THOMAS HILL

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of, and in and affecting, interstate and foreign commerce, the visual depiction

2

was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including a computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## **FORFEITURE**

1.  The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2428 and 2253.

2.  Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a.  any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b.  any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3.  Upon conviction of a violation of 18 U.S.C. § 2251(a), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or

2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

    4.    The property to be forfeited includes, but is not limited to, the following: a black custom computer tower, a black Samsung cellular telephone, model number SM-G900P with IMEI number 990004667591923, a black Samsung cellular telephone, model number SGH-T399N with serial number T399NUVUANK34 and IMEI number 354796065748 74, and a blue/grey Samsung cellular telephone, model number SM-J100VPP with IMEI number 990006008421280.

    5.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Candace G. Rich
Assistant United States Attorney

By: _____
Amanda L. Riedel
Assistant United States Attorney
Acting Chief, Special Victims Section

FORM OBD-34
June 19

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

THOMAS HILL

## INDICTMENT

Violations:   18 U.S.C. § 2423(a)
              18 U.S.C. § 2422(b)
              18 U.S.C. § 2251(a)

A true bill,

_____
Foreperson

Filed in open court this 25th day

of June 2019.

_____
Clerk

Bail $_____

GPO 863 525