UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 8:19-cr-271-T-33TGW

THOMAS HILL

### UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum in response to the defendant, Thomas Hill's, objections to the Presentence Investigation Report, and requests that this Court sentence the defendant to a guideline-range sentence. In support thereof, the United States submits the following:

**I.    Background**

In June 2019, a federal grand jury in the Middle District of Florida returned a three-count indictment charging Hill with transportation of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2423(a), enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and production of child pornography, in violation of 18 U.S.C. 2251(a) and (e). Doc. 10. On January 7, 2020, Hill pled guilty to Counts Two and Three, pursuant to a written plea agreement. Doc. 36. On January 31, 2020, this Court accepted Hill's guilty plea and adjudicated him guilty of the offenses. Doc. 42. Hill's sentencing is scheduled for August 18, 2020.

## II. Presentence Investigation Report

On April 17, 2020, the U.S. Probation Office issued its Final Presentence Investigation Report (PSR). Doc. 51. The minimum term of imprisonment is ten years and the maximum term is life for Count Two. For Count Three, the minimum term of imprisonment is 15 years and the maximum term is 30 years. PSR ¶ 102. Hill's applicable guidelines range for the underlying offenses is 292 - 365 months imprisonment and a period of supervised release of at least five years and up to life. PSR ¶¶ 103, 105. Hill objects to certain factual statements being part of the offense conduct in the PSR and to the application of United States Sentencing Guidelines §§ 2G2.1(b)(3). The United States agrees with the U.S. Probation Office that the factual basis is appropriately included as offense conduct in the PSR and that the enhancement for distribution of child pornography applies. The government responds as follows to Hill's objections.[1]

1. <u>Hill's chats with E.W. are relevant conduct that should be considered by this Court for consideration of a just sentence.</u>

Pursuant to USSG §6A1.3, this Court is not restricted to information that would be admissible at trial. Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy. *See*

---

[1] Were this Court to sustain Hill's objections, the applicable guideline range would be 235 - 293 months' imprisonment.

2

*United States v. Watts,* 519 U.S. 148 (1997). Furthermore, pursuant to USSG §1B1.3, the defendant can be held accountable for all acts and omissions that occurred during the commission of the offense. Relevant conduct includes acts and omissions of the defendant outside of what is necessarily encompassed in the offense of conviction.

In the plea agreement, the defendant admitted to exchanging over 3000 messages with E.W. beginning in November 2018. The defendant admitted that at the time of the communications, E.W. was 17 years old and the defendant was 39 years old. The plea agreement contained portions of those communications but did not include all 3000 messages. Doc. 36 at 24 – 28.

In a letter to United States Probation and attached to the PSR, the defendant argues that the chat log should be included in its entirety. Doc. 51 at 32. The defendant also argues that certain portions of the chats should be stricken from the PSR because the defendant did not admit to making the alleged statements. Doc. 51 at 32. Regardless of what chats the defendant wants to include in the PSR and which messages he wants to expressly admit to sending, all of the chats are relevant conduct and the defendant has admitted to engaging in all the communications with E.W.

> 2. USSG §2G2.1(b)(3) applies because E.W. produced child pornography at Hill's direction and then distributed those images to Hill at Hill's direction.

USSG §2G2.1(b)(3) is appropriately applied when the defendant knowingly engaged in distribution of child pornography. Pursuant to the application notes, the defendant "knowingly engages in distribution" if he (a) knowingly committed the distribution, (b) aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution, or (c) conspired to distribute. There is no limitation that the recipient of the child pornography be someone other than the defendant.

On several occasions, Hill instructed E.W. to take detailed images of herself in various poses and then to send those images to Hill. On November 26, 2018, Hill instructed E.W. to take a picture of her finger inside of her vagina and to send the image to Hill. Doc. 51, ¶ 33. On November 30, 2018, Hill instructed E.W. to "take one with you turned around, bent over, dress lifted, and spreading *[sic]* your ass open so I can see up your hole." E.W. complied with Hill's request and sent Hill the image. Doc. 51, ¶ 36.

Contrary to Hill's argument that this enhancement constitutes double-counting, this enhancement appropriately accounts for relevant conduct associated with Hill's convictions for enticement of a minor and production of child pornography. Hill enticed E.W. to engage in sexual activity and to

produce child pornography for Hill's benefit. In order for Hill to receive that benefit, it was necessary for the child pornography to be distributed by E.W. to Hill.

### III. Argument for a guideline-range sentence

A guideline sentence is necessary here due to the seriousness of the offense, the need to deter criminal activity, the need to promote respect for the law, and the importance of protecting the public. *See* 18 U.S.C. § 3553(a).

As the Eleventh Circuit explained in a child exploitation case, "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied,* 131 S. Ct. 1813 (2011). "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable).

BDSM may be lawful between two consenting adults but it is anything but lawful between a 39 year old man and a 17 year old girl. At no time during Hill's contact with E.W. was he engaging in any sort of lawful sexual activity. Rather, the psychological harm and sexual abuse committed by Hill goes far

beyond any lawful consensual sexual relationship between two willing participants.

This Court need look no further than to how Hill's criminal sexual conduct was first discovered. On February 6, 2019, a deputy with the Hillsborough County Sheriff's Office discovered E.W. running down the road, scared and crying, and asking to go home. Doc. 51, ¶ 14. E.W. was not running from somewhere she willingly wanted to be. Rather, E.W. was running from a sexually abusive relationship in which she had been trapped for several weeks.

Although E.W. and Hill engaged in thousands of messages prior to Hill driving to Georgia to pick up E.W., the majority of those conversations involved Hill forcing E.W., at 17 years old, to engage in sexual conduct and in some instances grotesque acts to prove her loyalty and love towards her 39 year old "master." During one conversation that took place on December 6, 2018, Hill instructs E.W. to eat her own fecal matter, take a picture of it, and send it to Hill in order to prove her willingness to do anything for Hill. Doc. 51, ¶ 38. At no point in the conversations is E.W. permitted to ask the same of Hill.

The fact that E.W. was 17 years old at the time of the sexual abuse does not mitigate the egregiousness of Hill's actions. In fact, Hill preferred younger girls and went to great pains to first confirm E.W.'s age before continuing in a conversation with E.W. Doc. 51, ¶ 32. Hill was not interested in engaging with a consenting adult. Rather, Hill preyed on minor females to fulfill his abusive sexual fantasies.

For weeks, Hill methodically molded E.W. into exactly the victim and servant Hill wanted E.W. to be. Hill told E.W. he would beat E.W. "if I need to or even because I really just want to, or because I want to hear you cry." Doc. 51, ¶ 32. Hill told E.W. she would be "given the chores of housework, cooking, cleaning, and childcare. You will also work if I decide you can work….I may quite literally make you a whore…I said before that I own you, you don't own me." Doc. 51, ¶ 35. In response to Hill, E.W. repeatedly said "ok master," "yes master," and "I'm glad master." Once Hill brought E.W. back to his residence, the sexual abuse continued, until E.W. ran crying from the residence and begging to return to Georgia.

## IV. Conclusion

Hill's sentence should account for the scope of his criminal conduct throughout his contact with E.W., beginning with his initial interest in confirming E.W. was a minor. His sentence should further acknowledge the

harm he has caused E.W. and acknowledge the sever ramifications of his actions. For the aforementioned reasons, this Court should overrule Hill's objections to the PSR and sentence Hill to a guideline sentence.

>
> Respectfully submitted,
>
> MARIA CHAPA LOPEZ
> United States Attorney
>
> */s/ Candace G. Rich*
> Candace G. Rich
> Assistant United States Attorney
> Florida Bar No. 0027792
> 400 N. Tampa St., Ste. 3200
> Tampa, FL 33602-4798
> Telephone: (813) 274-6000
> Facsimile: (813) 274-6358
> E-mail: Candace.Rich@usdoj.gov

9

U.S. v. Thomas Hill	Case No.  8:19-cr-271-T-33TGW

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Paul Downing, AFPD
Defense Counsel

*/s/ Candace G. Rich*
Candace G. Rich
Assistant United States Attorney
Florida Bar No. 0027792
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Candace.Rich@usdoj.gov